# NO. 12-14-00049-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WALTER FENT GARNER, JR.,* *APPELLANT* | § | *APPEAL FROM THE 8TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *RAINS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Walter Fent Garner, Jr. appeals his convictions for three counts of indecency with a child. Appellant was sentenced to imprisonment for twenty years in the first count and ten years each in the second and third counts. Appellant raises one issue challenging the trial court's failure to order a mistrial after Appellant's attorney questioned a witness regarding a polygraph examination. We affirm.

## BACKGROUND

Appellant was charged by indictment with three counts of indecency with a child. He pleaded "not guilty" to all three counts, and the matter proceeded to a jury trial.

At trial, the trial court granted the State's oral motion in limine to prevent any mention of polygraph examinations during the trial. During defense counsel's cross-examination of a law enforcement officer who had interviewed Appellant, defense counsel asked the officer whether he had asked Appellant if he would submit to a polygraph examination. Before any response by the officer, the prosecutor asked to approach the bench. At the bench, the trial court expressed its disapproval of defense counsel's behavior and asked the prosecutor to suggest a remedy. The prosecutor indicated that he was willing to go ahead with the trial even though defense counsel's question might hurt his case. He noted that Appellant did not take a polygraph examination

because he said he had medical problems. The trial court explained to the jury that the question was improper because polygraph examinations are untrustworthy and instructed the jury to disregard the question.

Ultimately, the jury found Appellant "guilty" on all three counts, and the trial court assessed his punishment at imprisonment for twenty years in the first count and ten years each in the second and third counts. This appeal followed.

## DENIAL OF MOTION FOR MISTRIAL

In his sole issue, Appellant complains that the trial court should have ordered a mistrial because his attorney mentioned a polygraph examination, and because this error constituted ineffective assistance of counsel.

## Standard of Review and Applicable Law

A trial court's denial of a mistrial is reviewed under an abuse of discretion standard, and its ruling must be upheld if it was within the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010). The asking of an improper question alone will seldom call for a mistrial. *Hernandez v. State*, 805 S.W.2d 409, 413 (Tex. Crim. App. 1990). In most cases, any harm caused by such a question will be cured by an instruction to disregard the question. *Id.* at 413-14. A mistrial is required when the question was clearly calculated to inflame the minds of the jurors and is of such character as to suggest the impossibility of withdrawing the impression it produced on their minds. *Id.* at 414. Whether a particular error calls for a mistrial depends on the peculiar facts and circumstances of the case. *Id.*

Because of the inherent unreliability of polygraph examinations and their tendency to unduly persuade jurors, testimony regarding their existence or results is inadmissible for any purpose in a criminal proceeding on proper objection. *Martines v. State*, 371 S.W.3d 232, 250 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The mere mention of a polygraph examination, however, does not automatically constitute reversible error, even when the results are revealed. *Id.* Generally, when a polygraph examination is mentioned but results are not revealed, an instruction to disregard is sufficient to cure any error. *Id.* at 251. In determining whether a mistrial was necessary, we may also consider any bad faith exhibited in asking the question, and whether the state's case was bolstered by the polygraph evidence. *Id.*

**Analysis**

Appellant acknowledges that the mere mention of a polygraph examination does not necessarily constitute reversible error. But he argues that the trial court in this case should have ordered a mistrial because his own counsel rather than the State asked the question regarding the polygraph, and because this error constituted ineffective assistance. Appellant cites no authority to support his contention that a mistrial is necessary when defense counsel mentions a polygraph examination, and the facts of this case do not support such a conclusion.

In a case where the state mentions a polygraph examination, the jury is likely to infer that the examination had results that were harmful to the defendant. Here, however, where defense counsel advanced the question, the jury was likely left with the impression that any results were favorable to Appellant. We conclude that in this case, where bad faith might be inferred on the part of defense counsel rather than the State, and the question likely bolstered Appellant's case and not the State's, the facts and circumstances did not entitle Appellant to a mistrial. *See Martines*, 371 S.W.3d at 251. Furthermore, because defense counsel's question likely benefitted Appellant, Appellant's complaint that his counsel was ineffective is without merit. *See Strickland v. Washington*, 466 U.S. 668, 692, 104 S. Ct. 2052, 2067, 80 L. Ed. 2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986) (holding that appellant must show deficient performance prejudiced his defense).

The record does not support Appellant's contention that the trial court abused its discretion by not ordering a mistrial. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered March 18, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 18, 2015**

**NO. 12-14-00049-CR**

**WALTER FENT GARNER, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 8th District Court

of Rains County, Texas (Tr.Ct.No. 5335)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*